WINNESHIEK COUNTY V. HUMPAL.

1. **Practice in Justice's Court**: VARIANCE BETWEEN NOTICE AND PETITION. Where a notice issued by a justice of the peace informed defendant that plaintiff claimed of him $25.50, "for commissioner's, sheriff's, appraisers', and publication fees," in viewing a certain county road, and on return day plaintiff filed a written petition claiming $25.50 upon a *bond*, signed by defendant as surety, "for commissioner's, sheriff's, appraisers', and publication fees," etc., *held* that a motion made by defendant to strike the petition from the files, on the ground that it set out a cause of action different from that set out in the notice, should have been overruled.

        *Appeal from Winnesheik Circuit Court.*

                FRIDAY, JUNE 8.

THIS action was originally commenced before a justice of the peace. A judgment was rendered for the defendant, and the cause was taken to the circuit court upon a writ of error, where the judgment of the justice of the peace was affirmed. Plaintiff appeals.

*Brown & Portman*, for appellant.

*O. J. Clark*, for appellee.

ROTHROCK, J.—I. The amount in controversy involved less than $100, and the cause comes to us upon the following questions properly certified to by the learned circuit judge before whom the case was tried:

"1st. When the notice of suit in justice's court sets out the cause of action as follows: '*That the plaintiff claims of the defendant the sum of* $25.50 *with interest, for commissioner's, sheriff's, appraisers' and publication fees, in viewing a county road to be called the Humpal road,*' and on the return day defendant appears, and plaintiff files a written petition, claiming to recover $25.50 and interest upon a bond, (which is signed by defendant as surety) *for commissioner's, sheriff's, appraisers' and publication fees;* to which the defendant filed a motion asking that said petition be stricken from the files, for the reason that the same sets out a different cause of action than set out in notice:

"Was it error for the justice to strike said petition from the files for the cause alleged in the motion?

"2d. After service of notice from justice's court, and appearance of defendant, can the plaintiff file a petition claiming to recover against defendant upon a different cause of action than that set out in the notice?"

We have no hesitancy in holding that the justice of the peace erred in sustaining a motion to strike the petition from the files. It is claimed by counsel for appellee that the claim set up in the notice is based upon an open account. This, we think, is an erroneous assumption. It is not stated in the notice as an open account; and there is just as much propriety in holding that the notice claimed to recover the costs named upon a bond which the defendant had executed, as to hold that the claim was upon account. The petition was not, therefore, based upon a different cause of action from that set out in the notice. It merely made the claim more specific and certain, which, as stated in the notice, was somewhat indefinite. Nice technicality in pleading is not required in actions before justices of the peace.

II. As we have determined that the petition did not state a cause of action different from that stated in the notice, we need not determine the second question certified, because it does not properly arise in the case.

The circuit court having held that the justice of the peace did not err in sustaining the motion to strike the petition from the files, it follows that the judgment must be

REVERSED.